IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT VEAL, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-04-3550 | |
| § | | |
| SCHLUMBERGER TECHNOLOGY § | | |
| CORP. and SCHLUMBERGER § | | |
| LTD. (SCHLUMBERGER N.V.), § | | |
|     Defendants. § | | |

**MEMORANDUM AND ORDER**

Pending before the Court is a Motion to Suppress the Deposition Errata Sheets of Robert Veal [Doc. # 14] filed by Defendants Schlumberger Technology Corporation and Schlumberger Limited (Schlumberger N.V.) ("Schlumberger"). Plaintiff Robert Veal ("Veal") has filed a Response [Doc. # 17]. Having considered the parties' submissions, all matters of record, and the applicable legal authorities, the Court concludes that Defendants' motion should be **denied.**

**I.   FACTUAL BACKGROUND**

Veal brought a lawsuit against Schlumberger under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, alleging race discrimination in employment. Schlumberger took Veal's deposition on February 18, 2005. Pursuant to Rule 30(e) of

the Federal Rules of Civil Procedure, Veal requested the opportunity to review the transcript of his deposition. After reviewing the deposition, Veal submitted errata sheets containing forty-five changes to his testimony,[1] including some substantive changes. Some of Veal's more substantive changes include:

> Q: Was there any pay associated with that or anything?
> A: ~~No.~~ Yes. I did receive a raise.[2]
>
> Q: Is there anybody else who you think may have gone back for a second chance at Kellyville?
> A: ~~I don't know anyone else that was in that situation.~~ There was a guy from Oklahoma who had been there twice before.[3]
>
> Q: Have we talked about all the facts that you have regarding your claim that you were subject to a hostile work environment?
> A: ~~Did we cover the fact that – we covered – I believe we covered – I believe we covered a great deal of it.~~ When George first started working in the lab he made a statement that I was the H.N.I.C. Another employee (Eric) was there.[4]

The majority of Veal's changes correct incomplete responses and do not change the prime thrust of his deposition testimony.

---

[1] Defendants' motion states that Plaintiff made seventy-two changes to the deposition. However, upon examination of the errata sheets, it appears as though Plaintiff listed his reasoning on one sheet and his explanations on another. Taking this into account, Plaintiff actually made forty-five changes to his testimony.

[2] *See* Deposition of Robert A. Veal, at 78; Deposition Errata Sheet, at 1.

[3] *See* Deposition of Robert A. Veal, at 129; Deposition Errata Sheet, at 1.

[4] *See* Deposition of Robert A. Veal, at 272; Deposition Errata Sheet, at 1.

Schlumberger has not yet filed a summary judgment motion. It is not clear whether Veal's handful of substantive changes would create fact issues at the summary judgment stage of this case. Schlumberger does not argue in its motion that Veal's deposition testimony is completely contradicted by the errata sheets, but complains that it was deprived of the opportunity to follow up on issues first raised in Veal's errata entries.

## II. ANALYSIS

Schlumberger requests that the Court suppress Veal's errata sheets, arguing that Veal is attempting to disingenuously alter his sworn testimony. The Court begins its analysis with the language of Rule 30(e), which allows for changes to deposition testimony:

> Review by Witness; Changes; Signing. If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in *form or substance,* to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

FED. R. CIV. P. 30(e) (emphasis added). Thus, the plain language of Rule 30(e) allows for changes in substance and does not limit the type or number of changes to be made. *See Podell v. Citicorp Diners Club,* 112 F.3d 98, 103 (2d Cir. 1996).

Courts have varied in their approaches to allowing substantive changes to deposition testimony. For example, the Second Circuit in *Podell v. Citicorp* followed the plain language of Rule 30(e) and did not strike the amended deposition of the plaintiff, even though the plaintiff "drew lines through the damaging responses," and even though his "reasons for changing his testimony [were] unconvincing in the extreme." *See* 112 F.3d at 103; *see also Elwell v. Conair, Inc.,* 145 F. Supp. 2d 79, 86-87 (D. Me. 2001) (citing Rule 30(e) as reason for denying motion to suppress deposition errata sheet); *Innovative Marketing & Tech., L.L.C. v. Norm Thompson Outfitters, Inc.,* 171 F.R.D. 203, 205 (W.D. Tex. 1997) ("[D]efendants ask this Court to construe rule 30(e)as only allowing the correction of stenographer/court reporter typographical errors. Such a reading of the rule seems too narrow."); *United States ex rel. Burch v. Piqua Eng'g*, 152 F.R.D. 565, 566-67 (S.D. Ohio 1993) ("[C]hanged depositions answers of any sorts are permissible, even those which are contradictory or unconvincing, as long as the procedural requirements set forth in the Rule are also followed."); *Sanford v. CBS, Inc.,* 594 F.Supp. 713, 714-15 (N.D. Ill. 1984) (stating that Rule 30(e) "allows a witness to make 'any changes in form or substance to the transcript'"); *Lugtig v. Thomas,* 89 F.R.D. 639, 641 (N.D. Ill. 1981) ("The language of the Rule places no limitations on the type of changes that may be made . . . nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of

the reasons for the changes," even if those reasons "are unconvincing").

In contrast, in *Greenway v. Int'l Paper Co.,* 144 F.R.D. 322, 325 (W.D. La. 1992), the court suppressed the plaintiff's changes to her deposition, quipping that "[a] deposition is not a take home examination." The court stated that Rule 30(e) should not be used to "merely answer the questions with no thought at all then return home and plan artful responses." *Id*. The court interpreted Rule 30(e) to permit changes to correct "substantive errors" made by the court reporter, but not to allow the correction of substantive errors made by the deponent. *See id.* The court in *Rios v. Welch,* 856 F.Supp. 1499, 1502 (D. Kan. 1994)*,* similarly held that "a plaintiff is not permitted to virtually rewrite portions of a deposition, particularly after the defendant has filed a summary judgment motion."[5] Schlumberger argues that the Court should follow *Greenway* and *Rios* and suppress Veal's errata sheets.

The Court concludes that the plain language of Rule 30(e), as well as the weight of pertinent authority, supports Veal's position that the errata sheets should not be suppressed merely because they contain substantive changes to testimony. The Court will not redefine the language in Rule 30(e) permitting "changes in . . . substance" as

---

[5]     In *Rios*, the summary judgment posture of the case was important to the district court's decision, as the plaintiff's expert was attempting to change his deposition in response to the defendant's summary judgment arguments. *See Rios*, 856 F. Supp. at 1502. Schlumberger has not yet filed a motion for summary judgment, but states it intends to later do so.

limited to substantive errors made by the court reporter, and thereby ignore the actual language of the rule. If Schlumberger desires, Veal's deposition shall be reopened so that Schlumberger may examine Veal on issues raised by his revisions.[6] Schlumberger may pose both substantive and procedural questions, *e.g.,* it may inquire why Veal made each change and how he came to make them. In the reopened deposition, opposing counsel can ask questions necessitated by Veal's changed answers, as well as questions regarding whether the new answers originated from the deponent or from an attorney. *See Lugtig,* 89 F.R.D. at 639; *Burch*, 152 F.R.D. at 567. Numerous courts have noted that depositions can be reopened when the a deponent's substantive changes to testimony render "the deposition incomplete or useless without further testimony." *See, e.g., Lugtig,* 89 F.R.D. at 642; *Innovative Marketing,* 171 F.R.D. at 205; *Burch,* 152 F.R.D. at 567; *Sanford,* 594 F. Supp. at 715. Furthermore, the Court may assign to Veal all costs and attorneys fees related to the reopening of the deposition. *See, e.g., Lugtig,* 89 F.R.D. at 642; *Burch*, 152 F.R.D. at 567.

Furthermore, Veal's original answers remain a part of the record, and

---

[6] Twice in its motion, Schlumberger argues that Veal changed his testimony in such a way as to require new questioning. Schlumberger states, "[h]ad Plaintiff testified about this comment during his deposition, Plaintiff would have been asked about this alleged comment," and "[h]ad Plaintiff testified about a 'guy from Oklahoma' during his deposition, Plaintiff would have been asked about this alleged comparator." Defendants' Motion, at 3. In neither case does Schlumberger argue that the change is a complete contradiction of earlier testimony, but instead argues that the changes left the testimony incomplete.

Schlumberger's counsel can utilize these inconsistent original deposition answers at trial and to challenge Veal's summary judgment response. *See Lugtig,* 89 F.R.D. at 641. The language of Rule 30(e) permits changes "upon the deposition," which "implies that the original answers will remain." *Id.* at 641-42; *see also Podell,* 112 F.3d at 103 ("[W]hen a party amends his testimony under Rule 30(e), '[t]he original answer to the deposition questions will remain part of the record and can be read at the trial.' 'Nothing in the language of Rule 30(e) requires or implies that the original answers are to be stricken when changes are made.'") (quoting *Lugtig,* 89 F.R.D. at 641). Schlumberger's counsel is thus free to use both versions of the deposition to test Veal's credibility at trial.

Finally, although the Court does not strike Veal's "corrected" statements, the Court is not required to credit his new testimony if that is all Veal cites in an attempt to create genuine fact issues at the summary judgment stage of this lawsuit. *See Podell,* 112 F.3d at 104 (holding that the plaintiff's "effort to retrieve the situation by scratching out and recanting his original testimony does not weigh enough in the balance to create an issue of fact for a jury"); *see also United States v. Funds in Amount of Thirty Thousand*, 403 F.3d 448, 466 (7th Cir. 2005) ("Summary judgment would be meaningless if litigants could manufacture genuine issues of material fact through self-serving and unsupported "admissions" materially different from positions

taken in the past. This is why courts do not countenance the use of so-called "sham affidavits," which contradict prior sworn testimony, to defeat summary judgment.").

## III.   CONCLUSION AND ORDER

By its plain language, Rule 30(e) allows substantive changes to deposition testimony. If it desires, Schlumberger is permitted to reopen Veal's deposition to inquire about his changes to the prior testimony. Veal's original deposition answers are part of the record and may be used at trial or in summary judgment proceedings. Accordingly it is hereby,

**ORDERED** that Defendants' Motion to Suppress the Deposition Errata Sheets of Robert Veal [Doc. # 14] is **DENIED.**

SIGNED at Houston, Texas this **10th** day of **August, 2005.**

_____
Nancy F. Atlas
United States District Judge