IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT VEAL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3550 |
| | § | |
| SCHLUMBERGER TECHNOLOGY | § | |
| CORPORATION, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on a Motion for Rehearing [Doc. # 48] ("Motion") filed by Plaintiff Robert Veal ("Veal"). Defendants Schlumberger Technology Corporation and Schlumberger Limited (Schlumberger N.V.) (collectively, "Schlumberger") oppose the relief sought.[1] Based on the Court's review of the record in this case and the application of governing legal authorities, the Court concludes that Veal's Motion should be denied.

On January 31, 2006, the Court issued the Memorandum and Order [Doc. # 30] and Final Judgment [Doc. # 31] dismissing all of Veal's claims with prejudice pursuant to Schlumberger's Motion for Summary Judgment [Doc. # 24]. The factual background of this case is set forth fully in that Memorandum and Order, and therefore

---

[1]     *See* Schlumberger's Response to Plaintiff's Motion for Rehearing [Doc. # 49] ("Defendant's Response").

will not be repeated here. Briefly, Veal claims that Schlumberger, his former employer, discriminated against him in various ways in violation of Title VII and 42 U.S.C. § 1981.[2] Veal appealed to the Court of Appeals for the Fifth Circuit, which affirmed this Court's rulings on February 14, 2007 in a *per curiam* opinion. The Court of Appeals denied Veal's petition for rehearing on March 23, 2007.

In his Motion, Veal contends *inter alia* that Schlumberger and its counsel engaged in misconduct in the defense of this suit, that at least one Schlumberger employee lied in his deposition, that Schlumberger employees improperly monitored his home and cell phones and computer, that one of Schlumberger's employees slandered Veal on the job by falsely accusing him of being a homosexual, and that his own counsel engaged in misconduct in not asserting all the points Veal wanted in response to the summary judgment motion.[3] Many of Veal's contentions rehash positions asserted previously in opposition to Schlumberger's summary judgment motion. Veal also complains about the Fifth Circuit Court of Appeals' failure to hold oral argument on the appeal. Finally, Veal asks this court for legal advice concerning how to proceed further with these complaints.

---

[2] Specifically, Veal alleges he was (1) denied a promotion, (2) denied training, (3) demoted, (4) harassed, and (5) constructively discharged because of his race.

[3] Veal further appears to complain about his own attorney's conduct in settlement negotiations.

Except in very limited circumstances, specified in Rule 60(b) of the Federal Rules of Civil Procedure, a district court has no authority to rule in a case after judgment in a case has become final. This Court's judgment became final well more than a year, and the Court of Appeals' ruling became final more than three months, before Veal filed his Motion. Because the Motion was filed more than ten days after entry of the challenged order, Veal must meet the standards of Rule 60(b) to obtain relief. *See, e.g., Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 327 n.1 (5th Cir. 2004) ("If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.").[4]

Veal does not request relief under Rule 60(b)(1), which is available where the movant establishes "mistake, inadvertence, surprise, or excusable neglect." FED. R.

---

[4]   Rule 60(b) of the Federal Rules of Civil Procedure contains six alternative grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment.

For most purposes, a Rule 60(b) motion must be filed within a year of the judgment becoming final. Veal's Motion is late by almost six months. Nevertheless, the Court addresses the merits.

CIV. P. 60(b)(1). At best, Veal asserts that he and his attorney disagreed about the appropriate strategy for responding to the summary judgment motion.

Nor does Veal demonstrate that there is material newly discovered evidence to warrant relief under Rule 60(b)(2). "Under Rule 60(b)(2), '[t]o succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)).

Veal raises no issue that the judgment is void for any legal reason or that it has "been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." *See* FED. R. CIV. P. 60(b)(4), (5).

If anything, Veal appears to rely on Rule 60(b)(3), which provides a basis for relief from judgment where the movant presents clear and convincing evidence of "fraud . . . , misrepresentation, or other misconduct of an adverse party." FED. R. CIV. P. 60(b)(3); *Hesling*, 396 F.3d at 641. "This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect."

*Gen. Universal Sys. v. Lee*, 379 F.3d 131, 156 (5th Cir. 2004) (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978); *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1359 (5th Cir. 1988)).  "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Id*.  "The moving party has the burden of proving the misconduct by clear and convincing evidence." *Id.* (citing *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995)).  Despite the fact that Veal's Motion must fail because he presents no affidavit or other admissible evidence in support of his accusations against defense counsel and Schlumberger's employees, the Court has carefully and fully considered the merits of each of Veal's assertions in the Motion as well as Schlumberger's Response.  The Court concludes that Veal raises no matters that demonstrate fraud, misrepresentation or misconduct of the nature intended to be addressed by Rule 60(b)(3).  Veal's accusations are either not new in that they were matters of which he was aware while the summary judgment motion was pending, and/or are not material.  Veal presents no arguments of fraud or misconduct that, had Veal's perspective been known to the Court, would have changed the Summary Judgment Order in any material way.  *See Gen. Universal,* 379 F.3d at156.  Plaintiff was not prevented from fully and fairly

presenting his case while the summary judgment motion was pending and the judgment was not unfairly obtained.[5]

Finally, Veal asks this court for legal advice concerning how to proceed further with these complaints. Ethical canons preclude the Court from giving legal advice.

It is therefore

**ORDERED** that Veal's Motion for Rehearing [Doc. # 48] is **DENIED**.

SIGNED at Houston, Texas, this **31st** day of **July, 2007**.

_____
Nancy F. Atlas
United States District Judge

---

[5] In passing, the Court notes that relief under Rule 60(b)(6) is also not warranted. That provision permits relief "for any other reason justifying relief from the operation of the judgment." FED R. CIV. P. 60(b)(6); *Hesling*, 396 F.3d at 639. Rule 60(b)(6) is "a residual or catch-all provision . . . to accomplish justice under exceptional circumstances." *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). Indeed, Rule 60(b)(6) relief should be granted only where extraordinary circumstances are present. *See Ackerman v. United States*, 340 U.S. 193, 202 (1950); *Hesling*, 396 F.3d at 642. "Relief under Rule 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)." *Hesling,* 396 F.3d at 643. There is no basis for relief under Rule 60(b)(6).